# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ERICA DIANE BLACK,

          Plaintiff,

v.                                         CIVIL ACTION NO. 3:16-cv-08835

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

          Defendant.

## MEMORANDUM OPINION AND ORDER

This action for judicial review of an administrative determination under the Social Security Act was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Plaintiff's and Defendant's Briefs in Support of Judgment on the Pleadings. ECF Nos. 9, 12. The Magistrate Judge recommends that the Court **DENY** Defendant's Motion, **GRANT** Plaintiff's Motion, and **REMAND** this case to the Social Security Administration for further proceedings. For the following reasons, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order. Both Defendant's and Plaintiff's motions subsequently remain pending in this Court.

     **I.**     **Background**

Plaintiff filed a Title XVI claim for supplemental security disability benefits with the Social Security Administration on July 30, 2013 in which she alleged disability beginning on July 14,

2012. Tr. at 11; ECF No. 8-2, at 12. Her claim was initially denied on September 26, 2013, and Plaintiff filed a request for hearing on March 17, 2014. *Id*. An administrative hearing was held on February 18, 2015, during which an Administrative Law Judge ("ALJ") heard evidence on Plaintiff's claims. After consideration of the case, the ALJ entered a decision on February 26, 2015 finding that Plaintiff was not disabled. *Id*.

Plaintiff sought review of the ALJ's decision by the Appeals Council on May 1, 2015. Tr. at 7; ECF No. 8-2, at 8. After consideration of the administrative record, the Appeals Council denied Plaintiff's request for review on July 15, 2016, thereby making the ALJ's decision the final decision of the Commissioner. Tr. at 1; ECF No. 8-2, at 2. Plaintiff subsequently filed the present Complaint on September 14, 2016, seeking judicial review of the Commissioner's final decision to deny her claims for benefits. ECF No. 2.

Defendant filed a timely answer to Plaintiff's Complaint, ECF No. 7, and both parties filed Briefs in Support for Judgment on the Pleadings, ECF Nos. 9, 12. The case was referred to Magistrate Judge Dwane L. Tinsley for consideration and recommendation of disposition, and Judge Tinsley filed the present PF&R on March 2, 2018. ECF No. 13. Defendant filed timely objections to the PF&R on March 19, 2018. ECF No. 14.

**II.    Standards of Review**

    **a. Standard of Review of PF&R**

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not

required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b. Standard of Review of Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." After reviewing the prescribed materials, if the Court finds that the Commissioner's decision is supported by "substantial evidence," the Court must affirm the decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. Discussion

In her Brief in Support of Judgment on the Pleadings, Plaintiff argues that: (1) "the [ALJ] failed to properly consider the medical evidence of record and the opinions of the consultative examining sources regarding Plaintiff's mental and physical impairments," and (2) "[the ALJ failed to] incorporate [the] same into the credibility determination and the residual functional capacity ["RFC"] analysis." ECF No. 9, at 4. The Magistrate Judge did not reach these arguments in his review of Plaintiff's case. ECF No. 13, at 7 ("This Court makes no recommendation as to [Plaintiff's] remaining arguments.").

In his review of the ALJ's decision regarding Plaintiff's RFC, however, the Magistrate Judge took issue with the following language from the ALJ's decision: "Greater limitations than those in the established [RFC] are not supported by the objective evidence . . . , evidence of non-compliance with treatment, and the claimant's meager earnings record, which tends to detract from the credibility of her subjective complaints." Tr. at 17; ECF No. 8-2, at 18. The Magistrate Judge found that the ALJ's reference to Plaintiff's "meager earnings record" rendered the ALJ's decision

defective because: (1) the ALJ did not state a specific amount of earnings in his decision; (2) the ALJ did not discuss the activity that Plaintiff performed to obtain the meager earnings; (3) the ALJ did not explain how Plaintiff's meager earnings record detracted from her credibility; and (4) the ALJ did not sufficiently explain how Plaintiff's earnings record supported the ALJ's decision to deny benefits. ECF No. 13, at 6–7. The Magistrate Judge further found that, even if the ALJ made a proper finding regarding Plaintiff's meager earnings record, the ALJ's failure to explain his reasoning renders the Court unable to determine whether the ALJ's opinion is supported by substantial evidence. *Id*. at 7.

Defendant objects to the Magistrate Judge's findings and recommendations, arguing that the ALJ properly considered Plaintiff's prior work record in his determination of Plaintiff's RFC and that the substantial evidence of the record supports the ALJ's ultimate conclusion that Plaintiff is not disabled. ECF No. 14. Defendant accordingly asks the Court to sustain her objections to the PF&R and to grant her Motion for Judgment on the Pleadings.

All of the above arguments center around the ALJ's finding regarding Plaintiff's RFC. The ALJ found, after "careful consideration of the entire record," that Plaintiff is able to perform medium work but is "limited to simple, routine tasks that do not involve more than superficial interaction with the general public, coworkers, and supervisors." Tr. at 15; ECF No. 8-2, at 16. In his lengthy explanation of this finding, the ALJ reviewed, among other evidence, Plaintiff's statements and claims as to her limitations, medical imaging and reports, physical examination reports, several psychological evaluations and examination reports, Plaintiff's medication and compliance history, Plaintiff's Global Assessment of Functioning score, and statements from Plaintiff's mother. Tr. at 15–19; ECF No. 8-2, at 16–20. The ALJ also considered other evidence

in the administrative record in reaching his decision, including Plaintiff's earnings statements from 1999 to 2008. *Id*.

"Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). After an ALJ has properly considered the entirety of the record, resolving inconsistencies and making factual findings, the court must uphold the ALJ's decision so long as the decision is supported by substantial evidence. *Blalock*, 483 F.2d at 775. Even if the court disagrees with the ALJ's decision and even if the record may support a different conclusion, the court must sustain the ALJ's decision if the record includes "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Id*. (internal citation and quotation omitted).

In analyzing the large volume of evidence in this case, the ALJ identified several inconsistencies. *See id*. For example, the ALJ found inconsistencies between the psychological consultative examination of William Steinhoff and the opinions of the State agency medical consultants. *Id*. The ALJ also found inconsistencies between Plaintiff's claims and objective medical evidence in the record. *Id*. Further, the ALJ found that Plaintiff's work history and earnings record contradicted her claims of disability beginning in 2012. *Id*.

Analyzing the record in its entirety, the ALJ reconciled each of these conflicts in his decision of Plaintiff's case. In discounting Mr. Steinhoff's opinion and assigning great weight to the opinions of the State agency medical consultants, the ALJ explained that Mr. Steinhoff's opinions were not supported by objective medical evidence and that Plaintiff was noncompliant with her psychotropic medication at the time of his examination. Tr. at 15–19; ECF No. 8-2, at 16–20. The ALJ further provided that the State agency psychological consultant at the initial level

provided an opinion that was consistent with the objective medical evidence of record and was therefore deserving of great weight in the ALJ's analysis. *Id*. The ALJ also considered the contradictions between Plaintiff's statements and the medical evidence in the record and explained that Plaintiff's statements were "simply not consistent with the preponderance of the opinions and observations by medical doctors in this case" and that, therefore, they could not be assigned significant weight in the ALJ's decision. *Id*.

The Court finds that the ALJ's resolutions of the record's inconsistencies and subsequent findings of fact are supported by substantial evidence and that the ALJ properly articulated his reasons for his findings in his written decision. In finding that Plaintiff's statements regarding her limitations should be afforded little weight, the ALJ explained that her statements were inconsistent with the objective medical evidence in the record, citing to medical imaging results and psychiatric medical evaluations to support this finding. Tr. at 15–19; ECF No. 8-2, at 16–20. The ALJ also found that Plaintiff was noncompliant with her medication, also weighing against her statements regarding the debilitating nature of her impairments. *Id*. Finally, the ALJ cited to Plaintiff's earnings record to support his finding that her statements regarding her limitations, which she alleged began in 2012, were not credible. *Id*. These facts as the ALJ found them certainly are evidence enough that a "reasoning mind would accept [the evidence] as sufficient to support [the ALJ's] conclusion." *See Blalock*, 483 F.2d, at 775.

Plaintiff objects to the ALJ's consideration of her earnings record at all, noting in a conclusory paragraph in her Brief that her earnings record was an "inappropriate consideration." ECF No. 9, at 7. Relevant law says otherwise. In a 1996 ruling, the Social Security Administration explicitly stated that "[a]ssessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function **must** be

based on a consideration of all evidence in the case record. This includes, but is not limited to: statements and reports from the individual . . . about the individual's . . . prior work and efforts to work . . ." Social Security Ruling 96-7P, 1996 WL 374186, at *5 (July 2, 1996) (emphasis added). Subsequent case law has integrated this policy into the practice of judicial review of Social Security administrative proceedings. *See Phares v. Comm'r of Soc. Sec.*, 2008 WL 2026097 (N.D.W.Va. May 9, 2008) (unpublished opinion) (noting that "the ALJ did not err in considering Plaintiff's work record, or in finding that his work history was 'spotty' and negatively impacted on his credibility regarding his ability and desire to work."). *See also Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998) (finding that the ALJ properly used the plaintiff's poor work history as a basis for not crediting her testimony in full). Accordingly, the Court finds that that ALJ's consideration of Plaintiff's prior work history was proper.

While Plaintiff takes issue with the consideration of her earnings history at all, the Magistrate Judge instead takes issue with the ALJ's articulation of his analysis of Plaintiff's prior work record. In his PF&R, the Magistrate Judge recommends that the Court find that the ALJ failed to adequately explain the impact that Plaintiff's earnings statement had on his findings and conclusions. The Magistrate Judge notes that the ALJ did not name a specific amount of earnings, the means by which Plaintiff earned the income cited, or the direct impact of the earnings on the ALJ's conclusions of Plaintiff's credibility. ECF No. 13, at 6–7. The Court finds that these alleged defects in the ALJ's decision do not render the ALJ's findings and conclusions unsupported by substantial evidence.

In determining a claimant's RFC, an ALJ must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . ." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal citation and quotation

omitted). The ALJ must also make credibility determinations in weighing the evidence in the record and explain such determinations well enough that the court may conduct meaningful review thereof. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). *See also Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("The record should include a discussion of which evidence the ALJ found credible and why . . ."). So long as the reviewing court has a way to evaluate the ALJ's decision, however, the ALJ's discussion and reasoning is sufficient. *See Radford*, 734 F.3d at 295.

In this case, the ALJ explicitly stated in his decision that he gave little weight to Plaintiff's statements regarding the extent of her limitations and that he did not find her to be a credible witness because her statements conflicted with objective medical evidence in the record, she did not comply with her medication protocols, and her claims were unsupported by her earnings history. Tr. at 15–19; ECF No. 8-2, at 16–20. Accordingly, the Court finds that the ALJ sufficiently articulated his reasons for his findings such that the Court now has the opportunity to conduct a meaningful review of the record to determine whether the ALJ's findings are supported by substantial evidence. The Court therefore rejects the Magistrate Judge's recommendation that the Court find that the ALJ's decision is insufficient and needs further development. Insofar as the Magistrate Judge recommends that the Court find deficiencies in the ALJ's discussion of Plaintiff's earnings record, the Court rejects those recommendations.

As the PF&R focused almost exclusively on the issue of the ALJ's reference to Plaintiff's work history, Plaintiff's arguments as she asserted them in her Brief in Support of Judgment on the Pleadings, ECF No. 9, have not been evaluated by the Magistrate Judge. Accordingly, the Court **REMANDS** this matter to the Magistrate Judge for further consideration and additional proposed findings and recommendations regarding the arguments that have been fully briefed by both Plaintiff and Defendant and are ripe for the Court's consideration.

## IV. Conclusion

For the reasons stated above, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for consideration and resolution of Plaintiff's claims that: (1) "the [ALJ] failed to properly consider the medical evidence of record and the opinions of the consultative examining sources regarding Plaintiff's mental and physical impairments," and (2) "[the ALJ failed to] incorporate [the] same into the credibility determination and the residual functional capacity analysis." ECF No. 9, at 4. Accordingly, both Plaintiff's and Defendant's Briefs in Support of Judgment on the Pleadings, ECF Nos. 9, 12, remain pending.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 30, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE